Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000534
30-APR-2019
07:56 AM

NO. CAAP-17-0000534

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

GENYA SCROGGIN and DAVID JAMES SCROGGIN, Plaintiffs-Appellants,
v.
MANDARIN ORIENTAL MANAGEMENT (USA) INC. dba
KAHALA MANDARIN ORIENTAL HAWAII, Defendant-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10,
DOE PARTNERSHIPS 1-10, and DOE ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-0110)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Plaintiffs-Appellants Genya Scroggin and David Scroggin (collectively, the **Scroggins**) appeal pro se from the (second amended) Judgment entered in the Circuit Court of the First Circuit (**Circuit Court**) on August 25, 2017, in favor of Defendant-Appellee Mandarin Oriental Management (USA) Inc. dba Kahala Mandarin Oriental Hawaii (the **Mandarin**) and against the Scroggins.[1] The Scroggins also challenge the Circuit Court's April 11, 2017 Order Granting [the Mandarin's] Motion for Summary

_____

[1]    The Honorable Rhonda A. Nishimura presided.

Judgment or, in the alternative, for Partial Summary Judgment (**Summary Judgment Order**).

The Scroggins raise three, related, points of error on appeal, contending that the Circuit Court erred in granting summary judgment in favor of the Mandarin without explanation or findings, rather than conducting a retrial of the Scroggins' strict liability claims, as ordered by this court in its February 21, 2013 Summary Disposition Order in Appeal No. 29779 (**Prior SDO**), and in disregard of the evidence presented at the first trial. See Scroggin v. Mandarin Oriental Mgmt. (USA) Inc., No. 29779, 2013 WL 639323 (Haw. App. Feb. 21, 2013) (SDO).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Scroggins' points of error as follows:

The appellate court reviews a circuit court's granting of summary judgment de novo. Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005).

> A grant of summary judgment is "appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Ross v. Stouffer Hotel Co., 76 Hawai'i 454, 457, 879 P.2d 1037, 1040 (1994) (citing S. Utsunomiya Enters., Inc. v. Moomuku Country Club, 75 Haw. 480, 497, 866 P.2d 951, 961,) reconsideration denied, 76 Hawai'i 247, 75 Haw. 580, 871 P.2d 795 (1994). In other words, "summary judgment should not be granted unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances." State v. Zimring, 52 Haw. 472, 475, 479 P.2d 202, 204 (1970) (quoting Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co., 381 F.2d 245, 249 (4th Cir.1967)). "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." Hulsman v. Hemmeter Dev. Corp., 65 Haw. 58, 61, 647 P.2d 713, 716 (1982) (internal citations omitted).

Balthazar v. Verizon Haw., Inc., 109 Hawai'i 69, 72, 123 P.3d 194, 197 (2005) (emphasis added; footnote omitted).

In the Prior SDO, this court determined that the Circuit Court plainly and reversibly erred in failing to provide any instructions to the jury on strict liability, in part on the following ground:

> While there was substantial lay and expert testimony to the contrary, the Scroggins presented circumstantial evidence from which it was possible for a reasonable jury to logically infer that the allegedly tainted, and therefore dangerously defective, chicken wings caused the purported injury to Mrs. Scroggin. See Acoba v. Gen. Tire, Inc., 92 Hawai'i 1, 17, 986 P.2d 288, 304 (1999) (citing Wagatsuma v. Patch, 10 Haw. App. 547, 566, 879 P.2d 572, 584 (1994)) (proof of defect and causation may be provided either by expert testimony or by circumstantial evidence); see also Am. Broad. Co., Inc. v. Kenai Air of Haw., Inc., 67 Haw. 219, 227, 686 P.2d 1, 6 (1984) (citing Stewart v. Budget Rent-A-Car Corp., 52 Haw. 71, 77, 470 P.2d 240, 244 (1970)).

Prior SDO at *2.

Thus, this court previously determined that the record in this case contains "circumstantial evidence from which it was possible for a reasonable jury to logically infer that the allegedly tainted, and therefore dangerously defective, chicken wings caused the purported injury to Mrs. Scroggin." Id. Although affirming on all other grounds, this court "remand[ed] this case to the Circuit Court for a retrial . . . of the Scroggins' strict liability claims." Id. at *6.

Even assuming, as the Mandarin argues in part, that the declarations and exhibits attached to the Scroggins' opposition to the summary judgment motion were deficient, as stated above, in this jurisdiction, the entire record in the case must be considered in determining whether a party is entitled to judgment as a matter of law. See also, e.g., Nozawa v. Operating Eng'rs

Local Union No. 3, 142 Hawai'i 331, 344, 418 P.3d 1187, 1200 (2018) ("summary judgment should not be granted unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances") (citations and internal quotation marks omitted; punctuation altered); Beamer v. Nishiki, 66 Haw. 572, 578, 670 P.2d 1264, 1270 (1983) (same); Kukui Nuts of Haw. Inc. v. R. Baird & Co., Inc., 7 Haw. App. 598, 608-09, 789 P.2d 501, 509-10 (1990) (although plaintiff's attempts to counter defendants' motions for summary judgment were woefully inadequate, review of the entire record persuaded the court that summary judgment had been improvidently granted). Here, as this court previously held, the record in this case contains "circumstantial evidence from which it was possible for a reasonable jury to logically infer that the allegedly tainted, and therefore dangerously defective, chicken wings caused the purported injury to Mrs. Scroggin." Prior SDO at *2.

We also reject the Mandarin's argument that evidentiary standards for strict liability from other jurisdictions should be applied to this case, or that this case is factually distinguishable from the Hawai'i cases holding that causation may be established either by expert testimony or circumstantial evidence. The former proposition is inconsistent with Hawai'i precedent and the latter proposition is for determination by the trier-of-fact. See, e.g., Acoba, 92 Hawai'i at 17, 986 P.2d at 304 (citation omitted) (proof of defect and causation may be

4

provided either by expert testimony or by circumstantial evidence); see also Am. Broad. Co., Inc., 67 Haw. at 227, 686 P.2d at 6 (citation omitted).

Finally, we reject the Mandarin's argument that the Circuit Court may have dismissed the Scroggins' remaining claims as a discovery sanction. There is nothing in the record to indicate that the Circuit Court dismissed the case as a sanction.

For these reasons, we conclude that the Circuit Court erred in entering the Summary Judgment Order. The Circuit Court's August 25, 2017 Judgment is vacated, and this case is remanded to the Circuit Court for a retrial of the Scroggins' strict liability claims.

DATED: Honolulu, Hawai'i, April 30, 2019.

On the briefs:

Genya Scroggin,
David James Scroggin,
Plaintiffs-Appellants, *Pro Se.*

David Y. Suzuki,
(Burke McPheeters Bordner
 & Estes),
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

5